STATE OF MAINE...

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-072
*illegible handwriting* - 6/3/2003

ROBERT J. HUME, et al.,

Plaintiffs

v.

ORDER
AND
DECISION

TOWN OF LIMINGTON, et al.,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

JUN 11 200?

The plaintiff Robert Hume owns, but does not reside on, real estate in Limington near Littlefield Road near the land of the Hubbards in the Resource Conservation District in what has been called the Sawyer's Mountain area. The plaintiffs Sherwood Libby and J. Lorraine Libby own land in the area that is a substantial distance from the proposed location of a new home to be built by Douglas Hubbard and Sheila Hubbard and are also tenants on land that is closer to the Hubbards' land but still a significant distance away.

The Hubbards wish to construct a single family home in the Resource Conservation District in Limington. That construction requires a conditional use permit, which is issued by the Limington Planning Board. They submitted their application and a hearing, after a two-week postponement, was held. At the hearing the Libbys and Mr. Hume's late wife appeared and raised their concerns. In time the Planning Board granted the permit and the Libbys and Mr. Hume appealed to the Limington Board of Appeals. After an extended interrogation the Board of Appeals denied the appeal for lack of standing in a notice of decision of October 16, 2002. This appeal followed.

The first issue is whether the appeal to the Superior Court is timely. If the plaintiffs were required to go directly from the Planning Board to Superior Court then they are too late. If their intermediate appeal to the Limington Board of Appeals was permissible then the court appeal is within the time limits.

State law governs the jurisdiction of boards of appeal. They ". . . shall hear appeals from any action or failure to act of the official or board responsible for enforcing the zoning ordinance, unless only a direct appeal to Superior Court has been provided by municipal ordinance." 30-A M.R.S.A. §4353(1). In deciding any appeal the board may "Approve the issuance of a . . . conditional use permit in strict compliance with the ordinance except that, if the municipality has authorized the planning board . . . to issue these permits, an appeal from the granting or denial of such a permit may be taken directly to Superior Court if required by local ordinance." 30-A M.R.S.A. §4353(2)(B).

The Zoning Ordinance of the Town of Limington has two relevant provisions. Section 9.7.F.3 indicates that an appeal from a conditional use permit decision ". . . may be taken within 30 days after a decision is rendered to Superior Court." However, Section 10.5.A.1 states that, "An appeal may be taken to the Board of Appeals by an aggrieved person from any decision of the Code Enforcement Officer or Planning Board." Since the Limington ordinance permits an initial appeal to either the Board of Appeals or the Superior Court the plaintiffs were free to go to the Board first. Their appeal to Superior Court is timely.

The next issue involves the standing of the Libbys. On February 12, 2002 I issued an order and decision in *Libby v. Town of Limington*, AP-01-042 where standing was the "central issue". While the Libbys in this case may be geographically closer as tenants to the proposed house than they were in the last case as owners they still, regardless of whether their status as tenants matters, lack standing. They are not abutters to the

Hubbards, and, if the Board of Appeals is correct, are 1 1/4 miles and 2 mountains away. Their devotion to the area, persistence, and integrity are not in question. Under existing standing laws they do not have standing. The case of *Laverty v. Town of Brunswick*, 595 A.2d 444,5 (Me. 1991) does not change this result as the variance in that case ". . . was vigorously contested by Linda and William McCullough who owned property abutting the proposed driving range."

The final issues surround Mr. Hume. While he may not strictly be an abutter his property is very close to the Hubbards and could be affected if the Hubbards' septic system was not designed and operated properly. A concern that his land might be unusable because of septic runoff confers standing. He does not have to wait to see if there will be a problem. He can raise his concerns early when problems can be avoided. He has standing.

The last issue is what does he have standing to raise. It appears that his wife expressed concern about a gate when she appeared before the planning board and that he expressed concern about the septic system when he appeared before the board of appeals. However, a letter to the Board of Appeals from Mr. Hume and the Libbys of September 25, 2002 raised a larger number of issues. Those issues could not be presented when the Board of Appeals directed its energies to the issue of standing rather than a detailed examination of the merits of the appeal. Mr. Hume should be permitted to present any or all of those issues to the Board of Appeals on remand.

The appeal was timely. Mr. Hume has standing while the Libbys do not. The entry is:

The decision of the Limington Board of Appeals of October 16, 2002 is affirmed as to Sherwood Libby and Lorraine Libby but reversed as to Robert Hume. Remanded to the Limington Board of Appeals for a hearing on Mr. Hume's appeal. Jurisdiction is retained in the Superior Court.

Dated:        June 3, 2003


_Paul A. Fritzsche_
Paul A. Fritzsche
Justice, Superior Court


PLAINTIFFS:
MAXINE PAUL POURAVELIS
120 EXCHANGE ST
PORTLAND ME   04101


DEFENDANT - TOWN OF LIMINGTON, et als.
JAMES B. HADDOW, ESQ.
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME   04112-8555

DEFENDANTS-DOUGLAS & SHEILA HUBBARD
WILLIAM H. DALE, ESQ.
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112-4510